```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

CURTIS BLACK,                         *
                                      *
    Plaintiff,                       *
                                      *
vs.                                   *
                                      *   CIVIL ACTION NO. 19-00041-B
                                      *
                                      *
ANDREW M. SAUL,                       *
Commissioner of Social Security,      *
                                      *
    Defendant.                       *

## ORDER

This action is before the Court on Plaintiff's unopposed[1] Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) and Defendant's response thereto.[2] (Docs. 27, 30). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED** and that Plaintiff is entitled to a reasonable attorney's fee award in the amount of **$2,333.81** under the EAJA for legal services rendered by his attorney in this Court.

---

[1] On July 28, 2020, the Commissioner filed a response to Plaintiff's Application for Attorneys Fees Under the Equal Access to Justice Act ("EAJA"). The Commissioner avers that he does not oppose Plaintiff's motion and that he agrees to pay Plaintiff $2,333.81 in attorney fees under the EAJA.  (Doc. 30).

[2] On May 22, 2020, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 20).

Plaintiff commenced this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner denying his application for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1). Upon review, the Court determined that the ALJ erred in failing to obtain a consultative cardiac examination. (Doc. 24). Thus, the case was reversed and remanded for further administrative proceedings. (Id.). As a result, Plaintiff is the prevailing party.

Plaintiff timely filed a motion for attorney fees under the EAJA in the amount of $2,333.81. (Doc. 27). The Commissioner filed a response consenting to the payment of $2,333.81 to Plaintiff as attorney fees under the Act. (Doc. 30).

The undersigned finds, based on Plaintiff's application and the formula set forth in Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, *13-14 (S.D. Ala. July 5, 2007), that an hourly rate of $202.94 is appropriate.[3] The undersigned further finds that 11.5 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court.[4] Thus, considering 11.5

---

[3] As discussed in Plaintiff's application, the Lucy formula yields an hourly rate of $202.94, which the undersigned finds is reasonable. (Doc. 27).

[4] Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 27-2). The undersigned has reviewed this document and has considered the circumstances

2

hours of work performed at a rate of $202.94 per hour, Plaintiff is entitled to the agreed upon attorney's fees of $2,333.81.

Upon consideration of the pertinent pleadings, the undersigned Magistrate Judge finds that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act is due to be and hereby is **GRANTED**, and Plaintiff is hereby **AWARDED** a reasonable attorney's fee in the amount of **$2,333.81** under the EAJA for legal services rendered by his attorney in this Court.[5]

**DONE** this **31st** day of **July, 2020.**

                                                          **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, *7, 2012 WL 5933025, *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, *4-5, 2012 WL 4077289, *2 (M.D. Fla. Sept. 17, 2012) (accord) (finding 14 hours of attorney time in a social security case to be reasonable).

[5] The Supreme Court has held that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 589, (2010). "'In light of Ratliff, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees.'" Napier v. Colvin, 2014 U.S. Dist. LEXIS 89291, *15 n.1, 2014 WL 2960976, *1 n.1 (S.D. Ala. July 1, 2014) (citations omitted); Blackwell v. Colvin, 2015 U.S. Dist. LEXIS 23070, *9 n.4, 2015 WL 846423, *3 n.4 (S.D. Ala. Feb. 26, 2015).